IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHEN RAY JACKSON,

        Plaintiff,

v.                        No. 16cv490 KG/KK

SARA KAY FRENCH,
DON E. FRENCH, and
THOMAS J. FIECHTL,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed May 26, 2016 ("Amended Complaint"). For the reasons stated below, the Court will **DISMISS** this case **without prejudice**.

Plaintiff filed his original Complaint pursuant to 42 U.S.C. § 1983 alleging that he that he has an ownership interest in a property in Albuquerque, New Mexico, and that Defendants failed to reimburse Plaintiff for rents due on the property. *See* Doc. 1. The Court dismissed the Complaint for lack of jurisdiction, because the allegations in the Complaint did not show that this action arises under federal law or that the amount in controversy exceeds $75,000, and for failure to state a claim because the Defendants are not state actors. *See* Doc. 4. The Court granted Plaintiff leave to file an amended complaint.

Plaintiff's Amended Complaint alleges that the Defendants misappropriated the contents of the property and withheld rents due Plaintiff stating:

> This was accomplished under color of law of the State of New Mexico which was manipulated by the Defendants to estrange and isolate the property of the estate, already in possession and under control of the Defendants. Having complete possession and control of the property and as one of the heirs to the estate (under color of law of the State of New Mexico) with permission of Defendant Thomas J.

> Fiechtl, a 50% heir in the property (under color of law of the State of New Mexico), Sara Kay French continued her residence there with no requirement by state law to notify or compensate the other heirs to the estate. This act under color of law is repeated on a monthly basis by solely occupying and controlling the property without paying compensation in the form of rent to the Plaintiff or other interested parties since February 2007, the date of death of Vena Irene Fiechtl.

Amended Complaint at 2. Plaintiff claims damages in the amount of $10,800.00 for past due rent, interest due in the amount of $161,970.00, and punitive damages of $691,080.00, for a grand total of $863,850.00. *See* Amended Complaint at 6. Plaintiff calculated punitive damages as four times the sum of the past due rent and the interest due.

The Amended Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 because Defendants are not state actors. Section 1983 only authorizes suits against persons acting under color of state law. See McCarty v. Gilchrist, 646 F.3d 1281, 1285 (10th Cir. 2011)("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"). Plaintiff's allegations in the Amended Complaint that the Defendants acted "under color of law of the State of New Mexico" are not sufficient to state a claim under Section 1983. The "state action doctrine requires that the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor." Stone v. Elohim, Inc., 336 Fed.Appx. 841, 842 (10th Cir. 2009) (quoting Lugar v. Edmondson Oil Co., Inc. , 457 U.S. 922, 937 (1982)). "Private persons may be said to act under color of state law if they are jointly engaged with state officials in the challenged action . . . But private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is." Hall v. Witteman, 584 F.3d 859, 864 (10th Cir. 2009). Defendants'

2

actions as alleged in the Amended Complaint are not fairly attributable to the State of New Mexico.

The Court does not have federal question jurisdiction over this matter because none of the allegations in the Amended Complaint show that this action arises under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

The Amended Complaint also fails to show that the Court has diversity jurisdiction because the amount in controversy does not exceed $75,000.00. Plaintiff claims: (i) past due rent in the amount of $10,800.00; (ii) "interest due on the rental arrears at 10% compounded monthly" in the amount of $161,970.00; and (iii) punitive damages of 4 times the total amount in arrears due equalling [sic] $691,080." Amended Complaint at 6.

In calculating the total amount in controversy, the Court excludes the $161,970.00 in alleged interest due on the rental arrears and that portion of the punitive damages based on the interest due on the rental dues, i.e. four times $161,970.00, which amounts to $647,880.00. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest* and costs, and is between citizens of different states") (*emphasis added*); *Weidler v. Big J Enterprises, Inc.*, 124 N.M. 591, 605 (N.M. Ct. App. 1997) (punitive damage awards are not subject to prejudgment interest). The total amount in controversy based on Plaintiff's claims is $54,000.00, which includes the $10,800.00 in past due rent and four times the past due rent amount in punitive damages. *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247 (10th Cir. 2012) ("As a general matter, punitive damages may be considered in determining the requisite

jurisdictional amount").

Plaintiff has not met his burden of alleging facts that support jurisdiction because the amount in controversy is less than $75,000.00. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**